IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ELISE HOGEN and TODD HOGEN,
individually and on behalf of all others
similarly situated,

                Plaintiffs,

   v.

PROFESSIONAL SERVICE BUREAU, INC.,
MAYO CLINIC and MAYO CLINIC HEALTH
SYSTEM-EAU CLAIRE CLINIC, INC.,

                Defendants.

ORDER

16-cv-602-wmc

---

In this civil action, plaintiffs Elise and Todd Hogen assert claims on behalf of themselves individually and a putative class for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*, based on defendants Professional Service Bureau, Inc., Mayo-Clinic and Mayo Clinic Health System-Eau Claire, Inc.'s alleged use of an automatic telephone dialing system ("ATDS") or use of an artificial or prerecorded voice to call a cellular telephone without plaintiff's prior express consent. Before the court is defendants' motion to stay this case pending a decision by the United States Court of Appeals for the D.C. Circuit on a consolidated appeal of the Federal Communication Commission's July 10, 2015, TCPA Declaratory Ruling and Order. (Dkt. #21.) As evidenced by the parties' briefing, a number of courts have considered similar requests, and have split on whether to grant the requested stay. (*Compare* Defs.' Opening Br. (dkt. #22) 6 (listing court granting stays) *with* Pl.'s Opp'n (dkt. #23) 2-3 n.2 (listing courts denying stays).)

In balancing the interests favoring a stay against those frustrated by one, courts often consider:

> (1) Whether the litigation is at an early stage; (2) whether a stay will unduly prejudice or tactically disadvantage the non-moving party; (3) whether a stay will simplify the issues in question and streamline the trial; and (4) whether a stay will reduce the burden of litigation on the parties and on the court.

*Grice Eng'g, Inc. v. JG Innovations, Inc.*, 691 F. Supp. 2d 915, 920 (W.D. Wis. 2010) (internal citations omitted). In considering these various factors, the court should "balance interests favoring a stay against interests frustrated by the action in light of the court's strict duty to exercise jurisdiction in a timely manner." *Id.* The court has "broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997).

As explained in defendants' motion, the D.C. Circuit's ruling is likely to touch on two issues relevant to plaintiffs' claims: (1) the scope and definition of an ATDS; and (2) how consumers can revoke prior consent. The court certainly credits defendants' argument that: the D.C. Circuit will rule on these issues; the ruling may define elements of plaintiffs' case; and, most importantly, the ruling will be binding on this court, *see* 28 U.S.C. 2342(1). In contrast, however, plaintiffs identify in their opposition aspects of their claims that will *not* be affected by the ruling. Specifically, plaintiffs allege that defendants called their cell phones using artificial or pre-records voice messages, which is a violation regardless of whether defendants also used an ATDS to make those calls. Moreover, plaintiffs allege that Elise Hogen did not provide prior consent, which means,

therefore, that the issue of whether that consent was revoked -- and how one can revoke consent -- is not material to her claims.

While the court agrees with defendants that the D.C. Circuit's ruling will be relevant, it is not at all clear that the ruling will be dispositive of the claims at issue here. This factor, coupled with the obvious, substantial work that can be done -- and needs to be done -- before this court even reaches the merits of plaintiffs' claims further weighs against granting a stay. The parties should conduct discovery, prepare for class certification, and develop summary judgment arguments with an eye toward possible alternative rulings by the D.C. Circuit. If the D.C. Circuit has not issued an opinion by the time the court needs to reach the same issues in this case, the court will reevaluate a need for a stay.

Accordingly, IT IS ORDERED that defendants' motion to stay (dkt. #21) is DENIED without prejudice should the circumstances change.

Entered this 9th day of March, 2017.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge